IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LINDA JONES                          :

                                     :

    v.                               : Civil Action No. DKC 2006-2892

                                     :

CALVERT GROUP LTD.                   :

                                     :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination and breach of contract case is the motion of Defendant Calvert Group, Ltd. to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  The issues have been fully briefed and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the reasons that follow, the court will grant Defendant's motion, albeit as a motion for summary judgment.

**I. Background**

   **A. Factual Background**

The following facts are alleged by Plaintiff in her complaint. Plaintiff is an African American female who was 56 years old at the time she filed the complaint with this court on November 3, 2006. She was employed by Defendant from 1989 until her termination on or about October 19, 2006, during which time she served as a computer operator and technical analyst.  Plaintiff claims that she "performed her job successfully at all times."  Paper 1 at ¶ 8.

On or about May 1, 2003, Plaintiff filed a complaint alleging "race, age and sex discrimination with the Maryland Commission on Human Relations" (MCHR), based on a decision by Defendant not to hire Plaintiff for an applicant development position. *Id.* at ¶ 9. The complaint was resolved by agreement in or about February 2004.[1] Under this agreement, Plaintiff agreed to withdraw the charge she filed with the MCHR in exchange for Defendant's agreement to increase Plaintiff's salary.  In addition, the agreement provided that Defendant would work with Plaintiff "to develop and implement a career development plan intended to provide [Plaintiff] with the knowledge, skills, and experience to better position her for potential future opportunities in Application Development."  Paper 6, Ex. B at ¶ 2.

In or about March 2005, Plaintiff received a negative performance evaluation for the first time during her employ with Defendant.  Plaintiff was terminated from her job on or about October 19, 2006, allegedly for not taking "ownership" of her work assignments.

### B. Procedural Background

In July 2005, Plaintiff filed an administrative complaint with the Equal Employment Opportunity Commission (EEOC), in which she alleged that Defendant was retaliating against her for having filed

---

[1] The agreement itself was signed by the parties in June 2003. *See* Paper 6, Ex. B.

the discrimination complaint with the MCHR.  Plaintiff claimed that she was being subjected to a hostile work environment and being treated differently than her co-workers.   Paper 6, Ex. A. Plaintiff asserts in her opposition memorandum that the administrative investigation concluded on April 10, 2006, and Plaintiff's request for reconsideration was denied on July 10, 2006.  Plaintiff asserts in her complaint and in her opposition memorandum that she received a right to sue letter on August 8, 2006.  Paper 1 at ¶ 6; Paper 10 at 1.

On November 3, 2006, Plaintiff filed a five-count complaint in this court alleging that she was terminated in retaliation for engaging in protected activity under Title VII, 42 U.S.C. § 2000e *et seq.*; on the basis of her race and sex in violation of Title VII; and on the basis of age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*  Plaintiff also alleges that Defendant breached its employment contract with her by terminating her.

## II. Standard of Review

On January 31, 2007, Defendant filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff failed to exhaust her administrative remedies on the Title VII and ADEA claims and that she failed to state a claim for relief on the breach of contract claim.  The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the

3

sufficiency of the plaintiff's complaint.  *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  A court considers only the pleadings when deciding a Rule 12(b)(6) motion.  Where the parties present matters outside of the pleadings and the court considers those matters, as here, the court will treat the motion as one for summary judgment.  *See Gadsby by Gadsby v. Grasmick*, 109 F.3d. 940, 949 (4th Cir. 1997); *Paukstis v. Kenwood Golf & Country Club, Inc.*, 241 F.Supp.2d 551, 556 (D.Md. 2003).

It is well established that a motion for summary judgment will be granted only if: (a) there exists no genuine issue as to any material fact and (b) the moving party is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the burden of showing that these two conditions are met.  *See* Fed.R.Civ.P. 56(c); *Catawba Indian Tribe of S.C. v. South Carolina*, 978 F.2d 1334, 1339 (4th Cir. 1992), *cert. denied*, 507 U.S. 972 (1993).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion.  *See United States v. Diebold*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim.  Thus, on those issues on which the nonmoving party will

have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 256; *Celotex Corp.*, 477 U.S. at 324. However, "[a] mere scintilla of evidence in support of the nonmovant's position will not defeat a motion for summary judgment." *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 536 (4th Cir.), *cert. denied*, 522 U.S. 810 (1997).

## III. Analysis

### A. Title VII and ADEA Claims

#### 1. Retaliation (Count One)

Plaintiff alleges that she was terminated in "retaliation for her earlier complaint of discrimination, and discrimination based on her race, sex and age." Paper 1 at ¶ 13.[2] Defendant argues that Plaintiff's retaliation claim should be dismissed because she has failed to exhaust her administrative remedies. The court agrees.

It is well established that, before filing suit under Title VII, a plaintiff first must exhaust his or her administrative remedies by raising the claim in a discrimination charge filed with

---

[2] The court interprets Plaintiff's reference to her "earlier complaint" as the complaint she filed with the Maryland Commission on Human Relations on or about May 1, 2003, because that filing is the only protected activity referred to in the complaint. Paper 1, ¶ 9. If Plaintiff meant instead to refer to the later complaint filed in July 2005, the result is the same.

the EEOC. *See* 42 U.S.C. § 2000e-5(b); *Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002); *Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999). The exhaustion requirement also applies in the ADEA context. *See* 29 U.S.C. § 626(d); *Orie v. Charles St. Healthcare Ctr., LLC*, 2006 WL 617967, *3 (D.Md. 2006). This mandatory prerequisite is essential and purposeful because "[t]he EEOC charge defines the scope of the plaintiff's right to institute a civil suit." *Bryant*, 288 F.3d at 132. Indeed, Fourth Circuit case law "make[s] clear that the factual allegations made in formal litigation must correspond to those set forth in the administrative charge." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005).

In the retaliation context, the Fourth Circuit has carved out a narrow exception to the exhaustion requirement, whereby "the scope of a Title VII lawsuit may extend to 'any kind of discrimination like or related to allegations contained in the [EEO] charge and growing out of such allegations during the pendency of the case before the Commission.'" *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992) (internal quotation omitted). This "relation back" exception "presupposes both that a retaliation count in a Title VII lawsuit be 'related to' and have 'grown out' of the EEO charge while the administrative charge remained pending." *Brown v. Runyon*, 139 F.3d 888, 1998 WL 85414, **3 (4th Cir. 1998) (Table). A plaintiff who seeks to raise a retaliation

claim in the first instance in federal court must satisfy both elements because "[i]f either predicate condition is lacking, the rule cannot operate to overcome a plaintiff's failure to have exhausted administrative remedies." *Id.; see also Daso v. The Grafton School, Inc.*, 181 F.Supp.2d 485, 489 (D.Md. 2002).

Plaintiff claims that she "has exhausted her administrative remedies pursuant to Title VII, and received a right to sue letter on or about August 8, 2006." Paper 1 at ¶ 6. The foregoing legal discussion, however, makes clear that she has not. In her federal complaint, Plaintiff alleges that her termination was retaliatory – a claim that Plaintiff never alleged in her EEO charge because, as Defendant correctly notes, conclusion of the EEOC investigation and issuance of the right to sue letter predated her termination by more than two months. In fact, neither of Plaintiff's EEO charges were pending at the time she claims she was subjected to the alleged retaliatory termination for filing the charge; in such situations, the "'relation back' rule is unavailing to the plaintiff." *Brown*, 1998 WL 85414 at **4. Therefore, Plaintiff's retaliation claim must be dismissed for failure to exhaust administrative remedies. *See id.* ("retaliation [plaintiff] claims to have suffered in 1993 did not 'grow out' of the 1991 EEO complaint while it was pending"); *Daso*, 181 F.Supp.2d at 489.

*2. Age, Race and Sex (Counts Two, Three and Four)*

Plaintiff filed an employment discrimination charge with the EEOC in July 2005.[3]  In the EEO complaint, Plaintiff alleged that she was "being retaliated against because. . . [i]n 2003, I filed a complaint of discrimination with the Maryland Commission on Human Relations, . . . that was resolved in February of 2004."  Paper 6, Ex. A.   Notably, Plaintiff checked only the box marked "Retaliation" under the heading "Basis of Discrimination."  *Id.*

In her federal complaint, Plaintiff has alleged for the first time that she was terminated unlawfully on the basis of her age, race and sex; she neither checked those corresponding boxes nor mentioned it in the narrative in her EEO charge.  *See Sloop*, 198 F.3d at 149.   The absence of these allegations in the administrative charge and the disparity in time frames, discussed *supra*, are fatal to Plaintiff's complaint here.  *See Chacko*, 429 F.3d at 506 ("[A] plaintiff fails to exhaust his administrative remedies where, as here, his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit.").

Plaintiff cannot and does not explain how her EEO charge filed in July 2005 – alleging only retaliation for having filed an earlier complaint with the MCHR – would have reasonably led the

_____

[3] Plaintiff had filed the charge with the MCHR, which sent it to the EEOC for dual filing purposes.

EEOC to investigate her present claims of alleged discriminatory termination on the basis of age, race and sex that arose in October 2006. *See Sloop*, 198 F.3d at 149, n.2 (dismissal for failure to exhaust administrative remedies where plaintiff provided "no rationale whereby the EEOC would naturally have considered a Title VII retaliation claim in the course of investigating a claim of age discrimination").

Plaintiff has failed to exhaust her administrative remedies with regard to her claims of discrimination based on age, race and sex. The scope of these claims clearly "exceeds the limits set by the allegations of [Plaintiff's] administrative complaint." *Bryant*, 288 F.3d at 133. Accordingly, these claims must be dismissed.

### B. Breach of Contract Claim (Count Five)

Plaintiff alleges that Defendant "terminated her in breach of the February, 2004, settlement agreement[.]" Paper 1 at ¶ 30. Plaintiff claims that "Defendant did not fulfill any of these duties" to assist Plaintiff in her career development, as provided in the agreement. *Id.* at ¶ 10.[4]

---

[4] Although the actual agreement is not appended to the complaint, but was provided as an exhibit to Defendant's motion, the court can refer to this document without converting the motion to dismiss count five to one for summary judgment. *See Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)(a court may consider extraneous material in determining whether to dismiss the complaint if it was integral to and explicitly relied on in the complaint); *Sec'y of State For Defence v. Trimble Navigation Ltd.*,
(continued...)

It is well established, and uncontroverted by Plaintiff, that "[i]n Maryland, in the absence of a contract for employment of a definite term, an employee is considered an at-will employee." *Gwinn v. Food Lion, LLC*, 195 F.Supp.2d 728, 730 (D.Md. 2002). By its very definition, "[a]t-will employment is a contract of indefinite duration that can be terminated at the pleasure of either party at any time." *Id.* (quoting *Hrehorovich v. Harbor Hosp. Ctr.*, 93 Md.App. 772, 790, 614 A.2d 1021, 1030 (1992)). Under Maryland law, absent certain narrow exceptions not applicable here, an employer may terminate an at-will employee for any reason and without cause. *See Terry v. Legato Sys., Inc.*, 241 F.Supp.2d 566, 569 (D.Md. 2003) (citing *Adler v. Am. Standard Corp.*, 291 Md. 31, 35, 432 A.2d 464, 467 (1981)).

In the instant case, Plaintiff "has not alleged facts that would suggest the existence of either an implicit or explicit employment contract limiting [Defendant's] right to terminate her employment." *Gwinn*, 195 F.Supp.2d at 730. Contrary to Plaintiff's erroneous arguments, nothing in the prior settlement agreement between the parties altered the nature of Plaintiff's at-will employment status or otherwise restricted Defendant's ability to terminate Plaintiff. *See* Paper 6, Ex. B. Indeed, Plaintiff cannot

---

[4](...continued)
484 F.3d 700, 705 (4th Cir. 2007). ("[A court] may consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." (internal citations omitted)).

point to any language in the agreement that reasonably can be read

to do so.  *See Mazer v. Safeway, Inc.*, 398 F.Supp.2d 412, 427-28

(D.Md. 2005); *Suburban Hosp., Inc. v. Dwiggins*, 324 Md. 294, 303-

04, 596 A.2d 1069, 1073-74 (1991).  Plaintiff has failed to allege

facts sufficient to show that she was anything but an at-will

employee of Defendant, in order to sustain her breach of contract

claim.  *See Gwinn*, 195 F.Supp. at 730.

Accordingly, this claim must be dismissed to the extent that

Plaintiff alleges that the termination was itself a breach of the

contract.[5]  Plaintiff asserts, however, that she meant to allege

also that Defendant did not provide training, identify areas in

which she needed training, or discuss training opportunities with

her – all in breach of the settlement agreement.  The current

complaint simply does not make those allegations.[6]

_____

[5] Plaintiff maintains that "it is unfathomable that defendant
could not have identified anything which might have assisted its
employee of 16 years in overcoming any obstacles she might have
been experiencing to acceptable performance." Paper 10 at 9.  This
is plainly insufficient to overcome Plaintiff's at-will employee
status: "Standing alone, longevity of employment cannot form the
basis of an entitlement to continued employment." *Paice v.
Maryland Racing Comm'n*, 539 F.Supp. 458, 461 (D.Md. 1982).

[6] The court has dismissed all claims over which it has federal
question jurisdiction and, therefore, the breach of contract claim
is only before this court pursuant to supplemental jurisdiction.
The court will decline to exercise supplemental jurisdiction over
any viable breach of contract claim.  28 U.S.C. § 1367(c)(3).
Thus, out of an abundance of caution, the dismissal of count five
will be specifically limited to the termination claim.  If
plaintiff wishes to pursue a breach of contract claim based on any
other facts, she will be free to refile in state court.

11

## IV. Conclusion

For the foregoing reasons, the Defendant's motion will be granted.   A separate Order will follow.

_____/s/_____

DEBORAH K. CHASANOW
United States District Judge
